## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | |
|---|---|
| **EVERETT MYERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **Civil Action No.  2:18-CV-00498** |
| | ) |
| **NANCY A. BERRYHILL,** | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Plaintiff Everett Myers' ("Plaintiff") Complaint, ECF No. 1, filed pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by Defendant Nancy A. Berryhill, the Acting Commissioner of the Social Security Administration ("the Commissioner"), denying Plaintiff's motion to reopen and reconsider a final, partially-favorable decision on an application for disability benefits.  The Commissioner filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and supporting memorandum.  ECF Nos. 8-9.  Plaintiff filed a Brief in Opposition, ECF No. 16, and Commissioner filed a Reply Brief in Support of Commissioner's Motion to Dismiss, ECF No. 20.  Plaintiff has also filed a Motion for Summary Judgment, ECF No. 17, to which the Commissioner has filed an Opposition, ECF No. 22, and to which Plaintiff did not reply.  As such, the Motion to Dismiss and Motion for Summary Judgment are now ripe for recommended disposition.

This action was referred to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. § 636(b)(1)(B)–(C), Federal Rule of Civil Procedure 72(b),

1

Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002 Standing Order on Assignment of Certain Matters to United States Magistrate Judges. After reviewing the briefs, the undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Commissioner's Motion to Dismiss, ECF No. 8, be **GRANTED** and that the Plaintiff's Motion for Summary Judgment, ECF No. 17, be **DENIED** and **DISMISSED** as moot, and that this matter be **DISMISSED WITH PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 18, 2007, Plaintiff filed an application for a period of disability and disability insurance benefits, alleging that disability began on January 15, 1984. ECF No. 11, attach. 2 at 12. Plaintiff's case was denied three times, including on April 10, 2009, May 5, 2010, and November 8, 2013. *Id.* Plaintiff filed written exceptions to the November 8, 2013, decision, which the Appeals Council denied on February 11, 2014. ECF No. 11 at 3. Thereafter, Plaintiff filed a civil action in the U.S. District Court for the Eastern District of Virginia. *Id.* On June 18, 2015, the U.S. District Court vacated the Commissioner's decision from November 8, 2013, and remanded the case back to the Appeals Council. *Id.* at 3; ECF No. 11, attach. 2 at 12. The Appeals Counsel remanded the case to the Administrative Law Judge ("ALJ") with directions to offer Plaintiff the opportunity for a hearing. ECF No. 11, attach. 2 at 12. That hearing was held on January 19, 2016, and Plaintiff was represented by counsel. *Id.* On February 16, 2016, the ALJ issued a partially favorable decision ("ALJ Decision"), *id.* at 7, holding that Plaintiff's disability began on January 1, 1989, *id.* at 20.

2

Plaintiff was advised that he could file written exceptions with the Appeals Council within thirty days of the ALJ Decision. *Id.* at 7. If the Plaintiff did not file any written exceptions, and if the Appeals Council did not review the ALJ Decision, then the ALJ Decision would become final at that time. *Id.* at 8. The ALJ Decision became final on April 5, 2016. ECF No. 20 at 4. After the ALJ Decision was finalized, Plaintiff had sixty days to file a new civil action with the U.S. District Court. ECF No. 11, attach. 2 at 8. Instead of doing so, from April to August 2016, Plaintiff maintained fairly consistent communication with the Social Security Administration ("SSA") regarding the calculation of his benefits. ECF No. 9 at 2.

On October 4, 2016, Plaintiff requested, through counsel, that the ALJ "reopen and reconsider the determination as to the benefits date . . . [and] make a finding that [Plaintiff] first filed for disability insurance benefits in 1986[.]" ECF No. 11, attach. 3 at 7. In a Notice of Dismissal ("ALJ Dismissal") issued on December 6, 2016, the ALJ declined to reopen Plaintiff's application, *id.* at 18, stating that "the time limits . . . for good cause reopening appl[ied]," *id.* at 23, and that the "application [was] dismissed for administrative finality," *id.* at 24. Plaintiff had sixty days to submit a written appeal to the Appeals Council, *id.* at 19, which Plaintiff did, ECF No. 9 at 2. On August 27, 2018, the Appeals Council denied Plaintiff's request for review in a Notice of Appeals Council Action ("Appeals Action"). ECF No. 11, attach. 3 at 25. Through this point in the proceedings, Plaintiff was assisted by counsel. *Id.* at 26; ECF No. 9 at 4.

On September 21, 2018, Plaintiff filed his instant claim *pro se*, ECF No. 1, seeking review of the ALJ Dismissal and the Appeals Action, ECF No. 9 at 3. On December 12, 2018, the Commissioner filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and supporting memorandum. ECF Nos. 8-9. On December 26, 2018, Plaintiff filed a Brief in Opposition to the

3

Commissioner's Motion and a Motion for Summary Judgment.[1]  ECF Nos. 16, 18.  On January 2, 2019, the Commissioner filed a Reply Brief in Support of Commissioner's Motion to Dismiss and a Response in Opposition to Plaintiff's Motion for Summary Judgment.  ECF Nos. 20, 22.  The Commissioner did not file a response to Plaintiff's Motion to Correct, and Plaintiff did not file a reply to Commissioner's Opposition to Plaintiff's Motion for Summary Judgment.  The matter was referred to the undersigned on January 8, 2019.  ECF No. 24.  The Commissioner's Motion to Dismiss, ECF No. 8, and Plaintiff's Motion for Summary Judgement, ECF No. 17, are now ripe for recommended disposition.

## II.   <u>DISCUSSION</u>

At bottom, Plaintiff contends that he should receive disability insurance benefits as of April 1986, rather than as of January 1, 1989, as was determined by the ALJ.  *See* ECF No. 16 at 12.  However, in his immediate appeal, Plaintiff seeks review of the ALJ Dismissal and Appeals Action.  ECF No. 20 at 2; ECF No. 16 at 2 ("This second sua sponte Order of Dismissal of December 6, 2016 [ALJ Dismissal], is the one your Plaintiff appealed from and is before this Honorable Court.").  The Commissioner contends that the Court lacks subject matter jurisdiction to review the Commissioner's decision not to reopen and reconsider Plaintiff's claim.  ECF No. 9 at 1.  Because the Court must first determine whether it has jurisdiction over Plaintiff's claim, the Court must first resolve Commissioner's Motion to Dismiss.  ECF No. 8.

The jurisdictional basis for judicial review of Social Security cases comes from Title 42 of the United States Code, which states the following:

---

[1] Also on December 26, 2018, Plaintiff filed a Motion to Correct the Declaration of Janay Pondraza.  ECF No. 18. The Court addresses this Motion *supra* in Section IV.

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner . . . may allow.

42 U.S.C. § 405(g).  Therefore, the Court only has jurisdiction to review Plaintiff's claim if it meets the following conditions: (1) the claim pertains to a final decision following a hearing; and (2) the claim occurs within sixty days of that decision.  *See id.*; *see also Califano v. Sanders*, 430 U.S. 99, 108 (1977) (the statute "clearly limits judicial review to a particular type of agency action").

Both the ALJ Dismissal and the Appeals Action were issued in response to Plaintiff's requests to reopen the ALJ Decision.  Courts have generally held that "denial of a request to reopen a prior final determination is not, in and of itself, a final decision of the Secretary within the meaning of § 405(g)."  *Long v. Chater*, No. 94-2343, 1995 U.S. App. LEXIS 9086, at *3 (4th Cir. Apr. 21, 1995) (citing *Califano*, 430 U.S. at 108; *Young v. Bowen*, 858 F.2d 951, 954 (4th Cir. 1988)).  Therefore, neither the ALJ Dismissal nor the Appeals Action can be considered a final decision under 42 U.S.C. § 405(g).  Furthermore, the Supreme Court has specifically held that judicial review is not authorized for "alleged abuses of agency discretion in refusing to reopen claims for social security benefits."  *Califano*, 430 U.S. at 107-08; *see also McGowen v. Harris*, 666 F.2d 60, 65 (4th Cir. 1981) ("[T]he district court is without jurisdiction under 42 U.S.C. § 405(g) to engage in judicial review . . . of a decision by the Secretary not to reopen the [social security] claim[.]").  When the SSA "found no reason under [its] rules to review the [ALJ Dismissal" and "denied [Plaintiff's] request for review," the SSA exercised allowable discretion

5

that is unreviewable by this Court. ECF No. 11, attach. 3 at 25. Therefore, on its face, Plaintiff's instant claim is not reviewable by the Court.

Regardless of the aforementioned jurisdictional bar, if a plaintiff challenges "the [Commisioner]'s denial of a petition to reopen . . . on constitutional grounds," then judicial review is available. *Califano*, 430 U.S. at 109. This exception applies "when a pro se [sic] [plaintiff] lacks the mental ability to pursue an appeal of an administrative denial." *Young v. Bowen*, 858 F.2d 951, 954 (4th Cir. 1988). Therefore, a plaintiff may have a constitutional interest in the Secretary's denial of a request to reopen if, during the filing window allowed for appealing the initial determination, that claimant (1) lacked the mental capacity to pursue an appeal; and (2) was *pro se*. *See Culbertson v. Sec'y of Health & Human Servs.*, 859 F.2d 319, 323 (4th Cir. 1988) (citing *Shrader v. Harris*, 631 F.2d 297 (4th Cir. 1980)) (finding that a plaintiff cannot be bound "to an adverse ruling when that individual lacked both the mental competence and legal assistance necessary to contest the initial determination"); *Shrader*, 631 F.2d at 302 ("Our opinion applies solely to claimants afflicted by mental illness whose initial claims, presented pro se, were denied ex parte."). In the instant case, Plaintiff failed to pursue an appeal of the ALJ Decision during the relevant timeframe. Approximately five and a half months after the time to appeal had expired, Plaintiff filed his request to reopen, ECF No. 11, attach. 3 at 25, leading to the ALJ Dismissal for timeliness reasons, *see id.*, attach. 3 at 22. Plaintiff has contended that he failed to appeal the ALJ Decision because he "lacked the judicially determined mental capacity to file[.]" ECF No. 1 at 19. However, the Court need not determine the factual issue of Plaintiff's mental capacity because Plaintiff—although now *pro se*—was represented by council during the applicable period. *See*

6

ECF No. 9 at 4. Thus, no constitutional interest has been impaired by the Commissioner's decision not to reopen Plaintiff's claim.

Because the Court is generally prohibited from reviewing the types of appeals Plaintiff now presents, and because Plaintiff has failed to demonstrate any exception applies, the undersigned **FINDS** that the Court does not have jurisdiction to review the Commissioner's denial of Plaintiff's request to reopen and reconsider the date Plaintiff was determined disabled.

In support of Plaintiff's substantive claim, Plaintiff has submitted a Motion for Summary Judgment. ECF No. 17. Because the Court has determined that the Court lacks subject matter jurisdiction to consider the merits of Petitioner's instant claim, the Court also lacks jurisdiction to address Plaintiff's Motion for Summary Judgment, which contends the Commissioner erred and/or abused her discretion in deciding not to reopen Plaintiff's earlier claim. As such, the Court **FINDS** that it lacks jurisdiction to consider Plaintiff's Motion for Summary Judgment and, as a result, that Motion is moot.

### III.   <u>RECOMMENDATION</u>

For the foregoing reasons, the undersigned **RECOMMENDS** that Commissioner's Motion to Dismiss, ECF No. 8, be **GRANTED**, that the Plaintiff's Motion for Summary Judgment, ECF No. 17, be **DENIED** and **DISMISSED** as moot, and that this matter be **DISMISSED WITH PREJUDICE**.

### IV.   <u>OUTSTANDING MOTION</u>

In addition to his Motion for Summary Judgment, Plaintiff has also filed a Motion to Correct the Declaration of Janay Pondraza. ECF No. 18. The Commissioner submitted the Declaration of Janay Pondraza, Chief of Court Case Preparation and Review Branch 2 of the Office

7

of Appellate Operations for the Social Security Administration, to establish the factual and procedural history of Plaintiff's disability claims in support of the Commissioner's Motion to Dismiss. ECF No. 11 at 1-4. Plaintiff's Motion to Correct seeks to amend the Declaration to state that Plaintiff filed for Title II disability benefits in April 1986 instead of on September 18, 2007. ECF No. 18 at 2. Plaintiff also seeks to modify the Declaration to read that Plaintiff requested "reconsideration," not "reopening." *Id.* at 3.

Even if the Court accepted as true Plaintiff's proposed changes, these changes would not alter the posture of Plaintiff's instant claim nor would it cause the Court to have jurisdiction over the Plaintiff's instant claim. Thus, the Court **FINDS** Plaintiff's Motion to Correct is moot. Therefore, Plaintiff's Motion to Correct the Declaration of Janay Pondraza, ECF No. 18, is **DENIED**.

## V.    REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge will make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the

8

above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to *pro se* Plaintiff and counsel of record for the Respondent.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
June 13, 2019