IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

```
                              FILED
                           AUG - 7 2019
                        CLERK. US DISTRICT COURT
                            NORFOLK, VA
```

**EVERETT MYERS,**

    **Plaintiff,**

v.                                  CIVIL ACTION NO. 2:18-cv-498

**ANDREW SAUL,**
**Commissioner,**
**Social Security Administration,**

    **Defendant.**

## *MEMORANDUM OPINION AND ORDER*

This matter is currently before the Court on Everett Myers's ("Plaintiff") *pro se* objections to the Magistrate Judge's Report and Recommendation ("R&R"). For the reasons set forth below, the R&R is **ACCEPTED** and **ADOPTED**. Plaintiff's Motion for Summary Judgment is **DENIED**, and Commissioner Andrew Saul's ("Commissioner") Motion to Dismiss is **GRANTED**. Plaintiff's Motion to Correct is **DENIED AS MOOT**.

### I. FACTUAL AND PROCEDURAL HISTORY

The R&R thoroughly details the factual and procedural history of the case for the past twelve years. *See* ECF No. 26 at 2–4. On September 18, 2007, Plaintiff filed for disability and related insurance benefits based on disability that began on January 15, 1984. *Id.* at 2. Plaintiff's application was denied on April 10, 2009, May 5, 2010, and November 8, 2013. *Id.* On February 11, 2014, Plaintiff filed exceptions to the latest denial, the November 8, 2013 decision. *Id.* Plaintiff then filed his first civil action for judicial review before this Court. *Id.* On Jun 18, 2015, the Court vacated the Commissioner's November 8, 2013 decision and remanded the action to the Appeals Council, which in turn remanded it to the Administrative Law Judge

1

("ALJ"). *Id.* On January 19, 2016, the ALJ held a hearing where Plaintiff was represented by counsel. *Id.*

On February 16, 2016, the ALJ issued a partially favorable decision and held that Plaintiff's disability began on January 1, 1989. *Id.* Plaintiff then had thirty days to file written exceptions to the decision with the Appeals Council, which Plaintiff did not do. *Id.* at 3. As such, the ALJ's February 16, 2016 decision became final on April 5, 2016. *Id.* After the decision became final, Plaintiff had sixty days to file a new civil action in this Court. From April 2016 to August 2016, Plaintiff communicated directly with the Social Security Administration regarding his benefits. *Id.*

On October 4, 2016, just shy of six months after the ALJ's February 16, 2016 decision became final, Plaintiff requested the ALJ "reopen and reconsider the determination as to the benefits date for good cause and that [the ALJ] make a finding that [Plaintiff] first filed for disability insurance benefits in 1986." ECF No. 11-3 at 7. On December 6, 2016, the ALJ declined to reopen Plaintiff's application and issued a notice of dismissal to this effect. *Id.* Plaintiff filed a written appeal to the Appeals Council with respect to the December 6, 2016 dismissal. ECF No. 26 at 3. The Appeals Council denied his request on August 27, 2018. *Id.*

On September 21, 2018, Plaintiff filed the instant action. ECF No. 1. Plaintiff seeks to vacate the December 6, 2016 dismissal and amend the ALJ's February 16, 2016 decision to reflect that Plaintiff first filed for his disability insurance benefits in April 1986 and that his benefits be paid from that date. *Id.* at 18. On December 12, 2018, the Commissioner filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. ECF Nos. 8–9. On December 26, 2018, Plaintiff filed a response in opposition and a Motion for Summary Judgment. ECF Nos. 16–17. The same day, Plaintiff also filed a Motion to Correct the Declaration of Janay Podraza.

ECF No. 18. On January 2, 2019, the Commissioner filed a reply to Plaintiff's opposition and a response to Plaintiff's Motion for Summary Judgment. ECF Nos. 20–22. On January 8, 2019, the matter was referred to the Magistrate Judge. ECF No. 24. On June 13, 2019, the Magistrate Judge issued his R&R. ECF No. 26. On June 26, 2019, Plaintiff filed his written objections. ECF No. 27. On July 10, 2019, the Commissioner filed a response to the objections. ECF No. 28.

## II. STANDARD OF REVIEW

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." The *de novo* requirement means that a district court judge must give "fresh consideration" to the objected-to portions of the magistrate judge's report and recommendation. *See Wilmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985); *United States v. Raddatz*, 447 U.S. 667, 675 (1980). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

A district court must review the relevant findings by the magistrate judge *de novo* when a party objects to the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Objections made to the report must be made "with sufficient specificity so as reasonably to alert the district court of the true ground of the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Objections must also respond to specific errors in the report and recommendation because general or conclusory objections are not proper. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections are the equivalent of a waiver. *Id.* Moreover, "a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v.*

3

*Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) (citing *Abou-Hussein v. Mabus*, No. 2:09-1998, 2010 WL 4340935, at *1 (D.S.C. Oct. 28, 2010)).

## III. DISCUSSION

### A. Objection to Magistrate Judge's Conclusion of Lack of Subject Matter Jurisdiction

Plaintiff's main objection to the R&R is that he did not request the ALJ to reopen his application and therefore the Court does not lack subject matter jurisdiction. ECF No. 27 at 2–6. This is unfortunately directly contradicted by Plaintiff's own October 4, 2016 request for reconsideration to "reopen and reconsider the determination as to the benefits date for good cause and that [the ALJ] making a finding that [Plaintiff] first filed for disability insurance benefits in 1986." ECF No. 11-3 at 7.

As the Magistrate Judge has stated, "the Court only has jurisdiction to review Plaintiff's claim if it meets the following conditions: (1) the claim pertains to a final decision following a hearing; and (2) the claim occurs within sixty days of that decision." ECF No. 26 at 5 (citing 42 U.S.C. § 405(g); *Califano v. Sanders*, 430 U.S. 99, 108 (1977)). Plaintiff fails on both grounds.

If the Court construes Plaintiff's complaint as an appeal of the ALJ's December 6, 2016 dismissal, then Plaintiff's action fails at step one. A "denial of a request to reopen a prior final determination is not, in and of itself, a final decision" and therefore is not a cognizable claim. *See Young v. Bowen*, 858 F.2d 951, 954 (4th Cir. 1988) ("[T]he Secretary's decision not to reconsider a previously denied claim [is] not generally subject to judicial review unless that denial impair[s] a constitutional interest.").

On the other hand, if the Court reads Plaintiff's complaint in such a way that it requests a change to the initial date he filed for disability insurance benefits, then his claim directly pertains to the ALJ's February 16, 2016 decision, which found that Plaintiff's disability began April 1989

4

and first filed for benefits on September 18, 2007. *See* ECF No. 1 at 18. If that is the case, the relevant ALJ decision occurred on February 16, 2016 and became final on April 5, 2016. Plaintiff did not file a written objection to this decision until his request to reopen on October 4, 2016, nearly six months after the decision became final. Plaintiff did not file this action under September 21, 2018, close to two and a half years after the ALJ's February 16, 2016 decision. Plaintiff has clearly passed the statutory sixty-day period under 42 U.S.C. § 405(g). Plaintiff has not articulated any possible reason to toll this period. As such, the Court agrees with the Magistrate Judge's determination that the Court lacks subject matter jurisdiction over this action.

**B. Remaining Objections**

Plaintiff also objects to the Magistrate Judge's dismissal of his Motion to Correct the Declaration of Janay Pondraza. ECF No. 27 at 7. Because the Court lacks subject matter jurisdiction, the Court agrees with the Magistrate Judge's conclusion that this Motion is moot.

Based on a *de novo* review of the filings and the R&R, this Court determines that the Magistrate Judge's recommendations and findings are proper. *Wilmer*, 774 F.2d at 73. The R&R supports all factual findings and the Court finds Plaintiff's objections are without merit. The Court does not find any legal errors in the Magistrate Judge's findings. Accordingly, the Court concludes that Plaintiff raises no grounds which warrant this Court's departure from the recommendations as stated in the Magistrate Judge's R&R.

## IV. CONCLUSION

The Court has independently reviewed the filings in this case and Plaintiff's objections to the R&R. Having done so, the Court finds that there is no meritorious reason to sustain Plaintiff's objections. The findings and recommendations in the Magistrate Judge's R&R dated May 24, 2019 are hereby **ACCEPTED** and **ADOPTED**. Specifically, the Commissioner's

Motion to Dismiss is **GRANTED**; Plaintiff's Motion for Summary Judgment is **DENIED**; and Plaintiff's Motion to Correct is **DENIED AS MOOT**.

In addition, the Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date. The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
August 7, 2019

/s/
Raymond A. Jackson
United States District Judge